UNITED STATES of America,
Plaintiff–Appellee,

v.

William Richard MINOR,
Defendant–Appellant.

No. 87–5144.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 1987.

Decided Jan. 15, 1988.

As Amended May 13, 1988.

Michael J. Lightfoot, Talcott, Lightfoot, Vandevelde, Woehrle & Sadowsky, Los Angeles, Cal., for defendant-appellant.

Gary S. Lincenberg and Maurice A. Leiter, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before TANG, WIGGINS and KOZINSKI, Circuit Judges.

## AMENDED OPINION

KOZINSKI, Circuit Judge:

William Richard Minor appeals from an order of the district court resentencing him for crimes connected with a scheme to manufacture and distribute bootleg Elvis Presley phonograph records. We consider the legality of the sentences and the district court's jurisdiction to impose them.

### Facts

Minor was convicted by a jury of six counts of criminal copyright infringement under 17 U.S.C. § 506(a) (Supp. V 1981), two counts of interstate transportation of stolen property under 18 U.S.C. § 2314 (1982), and one count of conspiracy to commit these offenses under 18 U.S.C. § 371 (1982). On June 20, 1983, the district court sentenced Minor to four years in prison and fined him $10,000 on the conspiracy count and each of the two stolen property counts, the latter sentences to run concurrent with each other but consecutive to the conspiracy sentence. On the first copyright infringement count the court imposed a one-year sentence with incarceration for the first six months and the balance suspended, five years of probation, and a fine of $10,-000. The district court ordered this sentence to run consecutive to those imposed on the stolen property and conspiracy counts. On the remaining five infringement counts, the court imposed suspended prison sentences, placed Minor on probation for five years, and fined him an additional $10,000 on each count. The district court stated in its judgment order: "It is the intention of this judgment that the defendant serve 8½ years in a jail-type institution and pay a fine of $90,000." Appellee's Supplemental Excerpts of Record (SER) at 1.

In Minor's first appeal, we affirmed the convictions. *United States v. Minor*, 756 F.2d 731 (9th Cir.1985) (*Minor I*). We stayed our mandate, however, pending the Supreme Court's decision in the case of Minor's codefendant, Paul Dowling. On June 28, 1985, the Court reversed Dowling's conviction under 18 U.S.C. § 2314, holding that the interstate transportation of stolen property statute did not apply to bootleg records manufactured and distributed without the copyright owners' consent. *Dowling v. United States*, 473 U.S. 207, 228–29, 105 S.Ct. 3127, 3139, 87 L.Ed.2d 152 (1985). The Supreme Court then granted Minor's petition for writ of certiorari, vacated the judgment against him and remanded for reconsideration in light of *Dowling*. *Minor v. United States*, 474 U.S. 991, 106 S.Ct. 401, 88 L.Ed.2d 353 (1985).

On remand, we reversed Minor's conviction on the two section 2314 counts and affirmed his convictions on the remaining counts. *United States v. Minor*, 783 F.2d 154 (9th Cir.1986) (*Minor II*). On March 6, 1986, Minor filed a motion for retention of the mandate and for leave to file a motion for reconsideration, challenging the "duplicitous" conspiracy indictment and misjoinder of the copyright and conspiracy counts. In opposing Minor's motion, the government asked that we remand to the

district court for resentencing on all counts. Specifically, the government argued that vacating the interstate transportation and felony conspiracy counts would reduce Minor's sentence substantially, making resentencing necessary to preserve the general "intention" of the district court. Excerpts of Record (ER) at 139, 142–44. On June 12, 1986, we denied Minor's motion and reaffirmed his convictions for copyright infringement and conspiracy to commit infringement. We did not, however, adopt the government's suggestion of a broad remand. *United States v. Minor*, 791 F.2d 801 (9th Cir.1986) (*Minor III*).

Our mandate in *Minor III* was issued on June 24, 1986, and lodged in the district court on July 9. On July 17 the district court issued a notice of receipt of the mandate and scheduled an August 4 hearing for the filing and spreading thereof. When Minor failed to appear at the hearing, the court issued a bench warrant for his arrest and ordered forfeiture of the corporate surety appeal bond of $75,000. On learning of the bail forfeiture, Minor wrote to the district court providing his Miami, Florida address. Deputy U.S. Marshals arrested Minor there on September 4 and returned him to Los Angeles.

On March 23, 1987, Minor filed a motion in district court under Fed.R.Crim.P. 35(a) to correct an illegal sentence. He contended that the decisions of the Supreme Court and the Ninth Circuit had "eliminated the bases for the felony conspiracy and interstate transportation of stolen property counts under which the defendant was originally sentenced," ER at 21, and that the cumulative fines for the six copyright infringement counts were illegal because they all arose from one transaction. *Id.* Minor and his uncle, who had indemnified the surety, also moved to set aside or substantially remit the bail forfeiture. The government agreed that the conspiracy sentence was illegal, but asked the district court to vacate the original sentencing order and resentence Minor on all counts. ER at 187, 190.

At a hearing held on May 4, 1987, the district court denied Minor's motion to correct the allegedly illegal sentences and granted the government's motion to vacate and resentence. The court reimposed a four-year term of imprisonment and $10,000 fine on the conspiracy count, and then sentenced Minor to six consecutive one-year terms on the six infringement counts, all to be served concurrent with the conspiracy sentence. ER at 225. Minor thus received a cumulative six-year term of imprisonment and a $10,000 fine. The court also found Minor partially responsible for his failure to appear at the spreading of the mandate, and ordered only $65,000 of the bond remitted, leaving the balance of $10,000 forfeited. *See* SER at 11–12 (order of May 19, 1987).

### Contentions of the Parties

Minor argues that the four-year sentence for conspiracy is illegal, and that the district court lacked jurisdiction to resentence him on the copyright infringement counts. If the district court did have jurisdiction, Minor contends that the resentencing subjected him to double jeopardy, and that the court could not impose six sentences for copyright infringements arising out of one criminal transaction. Finally, Minor asserts that the district court abused its discretion in refusing to set aside the bond forfeiture in its entirety.

The government agrees that the conspiracy sentence is illegal but argues that the error is harmless because the conspiracy sentence runs concurrent with the six-year sentence for copyright infringement. With respect to the latter, the government argues that the district court had jurisdiction to resentence on all counts, and that the resentencing was consistent with the double jeopardy clause and the Copyright Act. It also contends that the district court properly exercised its discretion in ordering a partial bail forfeiture.

### Discussion

#### A.

Minor's original four-year sentence was based on a conviction for conspiracy to commit copyright infringement and interstate transportation of stolen property, the

latter a felony under 18 U.S.C. § 2314. Because the Supreme Court in *Dowling* rejected the application of section 2314 to the acts at issue here, our subsequent affirmance of the conspiracy count was based solely on the first object offense, copyright infringement. *See Minor III*, 791 F.2d at 801.

■ With certain inapplicable exceptions, copyright infringement is a misdemeanor, the maximum penalty for which is one year in prison and, at that time, a $10,000 fine. 17 U.S.C. § 506(a) (Supp. V 1981); *see* 18 U.S.C. § 1 (1982) (classifying offenses).[1] The punishment for conspiracy to commit a misdemeanor may not exceed the maximum punishment for the object offense. *See* 18 U.S.C. § 371. Conspiracy to commit misdemeanor copyright infringement is thus also a misdemeanor for which the district court could sentence Minor to no more than one year and a $10,000 fine. Minor's four-year sentence was thus " 'in excess of the permissible statutory penalty for the crime' " and therefore illegal within the meaning of Rule 35(a). *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986) (quoting *Pinedo v. United States*, 347 F.2d 142, 148 (9th Cir.1965), *cert. denied*, 382 U.S. 976, 86 S.Ct. 547, 15 L.Ed.2d 468 (1966)), *cert. denied*, — U.S. —, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987). The district court therefore erred in denying Minor's motion to correct the conspiracy sentence.

The government concedes as much. Nonetheless, it argues that the error is harmless because the district court ordered the conspiracy sentence to run concurrent with the six-year sentence for copyright infringement. This argument fails, however, if the resentencing on the copyright infringement counts was invalid. We therefore turn to that issue.

### B.

■ After our decision in *Minor III*, the district court, on the government's motion, vacated the previously imposed sentences and resentenced Minor on all counts. But a district court does not have inherent power to resentence defendants at any time. *See United States v. Henry*, 709 F.2d 298, 307–08, 317 (5th Cir.1983) (en banc) (plurality opinion). Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35. We consider each in turn.

### 1. *Court of Appeals Mandate*

■ Relying on *United States v. Hagler*, 709 F.2d 578 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983), the government argues that our mandate authorized the district court to resentence under 18 U.S.C. § 2106.[2] But *Hagler* merely holds that we have the authority to order resentencing on remand if we choose to do so. In *Hagler*, after we had reversed the convictions on five counts, the district court resentenced defendant on one of the surviving counts, increasing the sentence for that count so as to maintain the overall severity of the cumulative sentence. We rejected defendant's challenge to *our* authority under section 2106 to remand for such resentencing. 709 F.2d at 579. The breadth of our mandate to the district court was itself never in doubt: On the first appeal we had "vacate[d] the sentence and remand[ed] for dismissal of the five invalid counts *and for resentencing of Hagler on the remaining counts.*" *Unit-*

---

**1.** The current statutory scheme provides for a fine of up to $25,000. *See* 17 U.S.C. § 506(a) (1982); 18 U.S.C. § 2319(b)(3) (1982). Federal law, both now and at the time of Minor's offenses, provides for more severe fines or sentences for sizable infringements of copyrights in sound recordings, motion pictures and other audiovisual works. *See* 17 U.S.C. § 506(a) (Supp. V 1981); 18 U.S.C. § 2319(b)(1)–(2) (1982). Minor was apparently charged with infringement of the copyrights in the underlying musical compositions, not the copyrights in the sound recordings fixed in the bootleg phonorecords, and was therefore not subject to the

stiffer penalties. *See* Redacted Second Superseding Indictment, ER at 12, 15, 18, 19.

**2.** Section 2106 provides:

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

ed States v. Hagler, 708 F.2d 354, 354 (9th Cir.1982) (emphasis added).[3] There was no similar remand order here.

The government nonetheless points to our opinion in *Minor I*, where we suggested that "the district court should seriously consider exercising its power, under Fed.R. Crim.P. 35, to reduce the sentences which have been imposed." 756 F.2d at 738. The government construes this as an authorization for across-the-board resentencing. We disagree. In *Minor I* we were concerned about the disparity between the heavy sentence given Minor and the much lighter one given his codefendant, Dowling, who "operated on a much larger scale and was more culpable than Minor." *Id.* at 737–38. We nonetheless left Minor's sentences intact and did not order the district court to resentence him. Rather, we recommended that the district court exercise its discretion under Rule 35(b) to *reduce* the sentences. The district court's authority to reduce the sentence under Rule 35(b) is triggered simply by return of the mandate affirming the judgment. *See* p. 1189, *infra.* Our suggestion that the district court consider reducing the sentence under Rule 35(b) was only a hint; it gave the district court no authority it did not otherwise have.

That the government itself once maintained this view is apparent from its arguments in *Minor III*. In opposing Minor's motion for retention of mandate and reconsideration, the government argued at substantial length that we should vacate all of the sentences and remand for resentencing, plainly recognizing the necessity of such action. Our failure to honor the government's request quite clearly indicates our intent *not* to remand the case for resentencing on all counts. Unlike *Hagler*, then, our remand order gave the district court no authority to reconsider the sentences that we affirmed in *Minor II. See Kennedy v.*

*United States*, 330 F.2d 26, 29 (9th Cir. 1964) (reversing increase of legal portions of sentence "without any mandate from an Appellate Court"); *accord Henry*, 709 F.2d at 306 (district court may not alter a lawful judgment after affirmance by an appellate court).

### 2. *Federal Rule 35*

 Under the version of Federal Rule of Criminal Procedure 35 that applies in this case,[4] the district court can "correct an illegal sentence at any time...." Fed.R. Crim.P. 35(a) (1985). This authority to vacate and amend a sentence "at any time" extends only to the illegal portion of the sentence, and does not empower the district court to reach legal sentences previously imposed, even when they arose out of the same criminal transaction. *Henry*, 709 F.2d at 308 (citing *Kennedy*, 330 F.2d at 27); *see also id.* at 317 (Reavley, J., concurring); *id.* at 318 (Jolly, J., concurring). In *Kennedy*, we held that "the court may not increase or make more severe the valid portions of the sentences originally imposed where ... service of the legal portions of the sentences has commenced." 330 F.2d at 27; 3 C. Wright, *Federal Practice and Procedure* § 582, at 387 & n. 25 (2d ed. 1982); *cf. United States v. Green*, 735 F.2d 1203, 1206 (9th Cir.1984) (excessive sentence is void only as to excess; remedy is reduction to amount authorized) (citing *Kennedy* ). We have since interpreted *Kennedy* as holding that, where an original sentence was in excess of the statutory limit, the district court "could not impose wholly new sentences pursuant to a Rule 35 motion," but "was limited to correcting the original sentence by eliminating the excess that rendered it illegal." *United States v. Clutterbuck*, 445 F.2d 839, 840 (9th Cir.), *cert. denied*, 404 U.S. 858, 92 S.Ct. 108, 30 L.Ed.2d 100 (1971). The government does not assert that Minor's

3. Indeed, we had anticipated a double jeopardy challenge to increased sentences for the valid counts, and had left the initial determination to the district court. 708 F.2d at 354.

4. Fed.R.Crim.P. 35 was completely revised in 1985 in accordance with the new federal sentencing guidelines. The revised rule is effective as to sentences for offenses committed on or

after November 1, 1987. *See* Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266, 1266; *United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1987). The prior version of Rule 35 that we construe here still governs sentences for crimes committed before November 1. Sentencing Act of 1987, Pub.L. No. 100–182, § 22, 101 Stat. at 1271.

original copyright infringement sentences were illegal or improper in any respect. Rule 35(a) therefore gave the district court no authority to reconsider them. *See Henry*, 709 F.2d at 307–08; *see also United States v. Adams*, 362 F.2d 210 (6th Cir. 1966) (where district court vacated sentence on one count as excessive, it could not increase sentence on another to carry out its original intention).

■ Nor did Rule 35(b) authorize the increased sentences for copyright infringement. The version of the rule applicable here provides that a motion to reduce sentence may be made within 120 days after certain "triggering events." 8A J. Moore, *Moore's Federal Practice* ¶ 35.02[2][a][i], at 35–10 to –11 (2d ed. 1987). The latest such event relevant in Minor's case was the "receipt by the [district] court of a mandate issued upon affirmance of the judgment." Fed.R.Crim.P. 35(b) (1985). The time limit is jurisdictional, and "unless the 120 day requirement is met, the court has no jurisdiction or power to alter sentence." *United States v. United States District Court (Friedman)*, 509 F.2d 1352, 1354–55 (9th Cir.), *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *see* Fed.R.Crim.P. 45(b); *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979); *Lee v. United States*, 400 F.2d 185, 188 (9th Cir.1968); *accord Henry*, 709 F.2d at 312. The government moved to resentence Minor more than nine months after our mandate was lodged in the district court, well past the final date for Rule 35(b) motions.

■ Moreover, Rule 35(b) authorizes only *reductions* of otherwise legal sentences, and "the negative pregnant inherent in rule 35(b)" prohibits increases of such sentences. *Henry*, 709 F.2d at 312. As the Fifth Circuit noted in *Henry*, "[i]t would be fundamentally inconsistent to say that a sentence may be *reduced* only within the first 120 days but that it can be *increased* at any time." *Id.* (emphasis original).

The government tries to bring the district court's action within the scope of Rule 35(b) by arguing that the district court actually reduced the severity of the sentence by reducing the cumulative sentence from eight and one-half to six years. Appellee's Brief at 12. This argument is specious because there was no *valid* eight and one-half year sentence to reduce. Three years of the four-year term for conspiracy and the entire four-year term for interstate transportation of stolen property were illegal and therefore "a nullity from the outset." *Henry*, 709 F.2d at 317; *see Kennedy*, 330 F.2d at 27. Minor's valid sentences were consecutive terms of one year and six months. The resentencing therefore not only increased the sentence for copyright infringement twelve-fold, but also increased the overall valid sentence more than four-fold. Rule 35(b) plainly does not authorize this, even if the district court's action had been timely.[5]

Because the district court did not have jurisdiction to resentence Minor, we vacate Minor's new sentences for copyright infringement under 17 U.S.C. § 506(a) and remand for reinstatement of the original sentences. We also vacate the illegal sentence for conspiracy. On remand, the district court may sentence Minor to no more than one year on the conspiracy count, to

---

5. In its petition for rehearing, the government for the first time points to *United States v. Shue*, 825 F.2d 1111 (7th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987). *Shue* appears to stand for the proposition that "when an appellate court affirms some counts and reverses others, it is open to the district court to resentence in order to effectuate the original sentencing intent." *Id.* at 1113. The court does not, however, explain the source of the district court's authority for such resentencing; it discusses neither Fed.R.Crim.P. 35 nor 28 U.S.C. § 2106. We respectfully suggest that reliance on these provisions, rather than "[t]he practical realities of present sentencing practices," *id.* at

1114, would have led the Seventh Circuit to a different conclusion.

Nor are we troubled by the government's argument that our decision will usurp the power of the district courts and lead to miscarriages of justice. Section 2106 plainly gives the court of appeals, not the district court, the authority to determine whether resentencing is appropriate. To avoid a miscarriage of justice, the government need only ask the court of appeals to exercise its discretion under section 2106. Here, the government did precisely that but we refused its request. It seems hardly appropriate to give the government another bite at the same apple before the district court.

run either consecutive to or concurrent with the sentences for copyright infringement.[6]

### C.

■ Minor and his uncle moved to set aside the appeal bond forfeiture, or, in the alternative, to remit a portion "so as to forfeit only that portion of the bond which may fairly be said to have been expended by the government as a result of defendant's non-appearance." ER at 34. While the government did not oppose his motion, ER at 199, the district court decided to remit only $65,000 of the $75,000 forfeiture. Minor contends that the district court erred in refusing to set aside the bond forfeiture completely.

■ A district court may set aside all or part of a forfeiture "if it ... appears that justice does not require the forfeiture." Fed.R.Crim.P. 46(e)(2). We review for abuse of discretion the court's decision not to set aside a forfeiture. *United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir.1981), *cert. denied sub nom. Cotton Belt Ins. Co. v. United States*, 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982). Moreover, that discretion is not easily abused for the district court has "wide discretion" in this matter. *United States v. Stanley*, 601 F.2d 380, 382 (9th Cir.1979). Among the factors it may consider are the willfulness of defendant's breach, any explanation or mitigating circumstances, whether the sureties were professionals or defendant's friends and family members, the participation of the sureties in apprehending defendant, the appropriateness of the bond amount, and the cost, inconvenience or prejudice to the government. *United States v. Frias–Ramirez*, 670 F.2d 849, 852 (9th Cir.), *cert. denied*, 459 U.S. 842, 103 S.Ct. 94, 74 L.Ed.2d 86 (1982).

While Minor apparently never received actual notice of the August 4, 1986, hearing, the district court found that his failure to appear was at least "conscious." *See* Reporter's Transcript at 3 (May 4, 1987). Neither Minor nor his copyright counsel ever took the obvious step of notifying the

district court of Minor's multiple address changes. Instead, Minor relied on third parties, particularly his counsel of record, even though Minor was not in regular contact with him and believed he could not safely rely on him for notice of court dates. Moreover, when Minor learned of the bail forfeiture, he did not immediately return to Los Angeles and surrender himself. Deputy U.S. Marshals had to be dispatched to Miami to arrest Minor and bring him back. Under these circumstances, the district court's decision to order $10,000 of the $75,000 bond forfeited was not an abuse of its broad discretion. *See Frias–Ramirez*, 670 F.2d at 852–53.

### Conclusion

The district court's denial of Minor's Rule 35 motion as to the conspiracy count is REVERSED, the sentences imposed by the court on remand are VACATED, and the case is REMANDED for resentencing consistent with this opinion. The district court's denial of Minor's motion to set aside the forfeiture is AFFIRMED.

---

**6.** Because we hold that the district court lacked jurisdiction to resentence Minor on the copy-right infringement counts, we do not reach his double jeopardy or Copyright Act claims.