988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angel QUINTANA, Defendant-Appellant.
 No. 92-50391.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 26, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-825-01-JHK; Judith N. Keep, Chief Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Esther B. Gaxiola, a cosignatory on the bond of Angel Quintana, her son, appeals the district court's denial of her motion to remit the bond in whole or in part pursuant to Fed.R.Crim.P. 46(e). Quintana is a fugitive, purportedly in Mexico. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for an abuse of discretion the district court's decision not to remit a bond in whole or in part. United States v. Minor, 846 F.2d 1184, 1190 (9th Cir.1988). Moreover, the district court has "wide discretion" in this matter. Id.
 
 
 4
 After entry of a default on a bond, the district court may remit it in whole or in part "if it otherwise appears that justice does not require the forfeiture." Fed.R.Crim.P. 46(e)(2) and (4). When determining whether to remit or set aside a forfeiture of a bond, the district court should consider the willfulness of the breach, any explanation or mitigating circumstances, whether the sureties were professionals or the defendant's friends and family members, participation of the sureties in apprehending the defendant, appropriateness of the bond amount, and the cost, inconvenience or prejudice to the government. Minor, 846 F.2d at 1190.
 
 
 5
 Here, Quintana's 73 year-old mother, Esther Gaxiola, posted a portion of the $200,000 bail bond through a $100,000 government deed on her home. Quintana willfully breached the conditions of the bond when he fled after pleading guilty to conspiracy to distribute cocaine. At the hearing on the motion to remit all or part of the bond, Mrs. Gaxiola requested that the district court remit her $100,000 bond by 50 percent in order that she not be forced to lose her family home of approximately 20 years.
 
 
 6
 While we sympathize with Mrs. Gaxiola's situation, we do not believe that the district court abused its wide discretion. Minor, 846 F.2d at 1190. When denying the motion to remit the bond, the court weighed the equities and determined that despite any unfairness to Mrs. Gaxiola, the entire bond was necessary to pressure Quintana into appearing for sentencing. Accordingly, we affirm the denial of the motion to remit the bond.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3