17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Seymour POLLACK, Defendant-Appellant.
 No. 93-10480.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Seymour Pollack appeals pro se the district court's order denying his motions to terminate probation and discharge his restitution obligation. Pollack is on probation following his 1986 convictions for conspiracy, mail fraud, and other offenses arising out of a scheme to obtain money from the pension fund of a Las Vegas, Nevada labor union. Pollack contends that his ill-health justified early termination of probation. In addition, he argues that a prior sentence reduction resulted in an illegal sentence and that he should not be required to pay restitution. The government counters that the district court lacked jurisdiction to consider Pollack's motions. We have jurisdiction under 28 U.S.C. Sec. 1291 and vacate and remand with instructions for the district court to dismiss Pollack's motions.
 
 1. Background
 
 3
 Following his convictions in 1986, Pollack was sentenced to a nine-year term on one count, to be served concurrently with concurrent five-year terms imposed on six other counts. He was also ordered to make restitution in the sum of $126,000.
 
 
 4
 On October 23, 1989, pursuant to a motion made under Fed.R.Crim.P. 35(b), the district court ordered "that defendant's sentence is reduced to time served provided that defendant agree to a five year period of probation, and that defendant agree to refrain from buying, selling or in any other dealing with any stocks, bonds or other security instruments during his probation period." No mention was made of the restitution previously ordered.
 
 
 5
 On March 21, 1992, Pollack filed a pro se "Request to Terminate Probation" which requested an early end to his probationary term because of his ill-health, his exemplary behavior as a probationer, and the fact that he would have received a lesser sentence if he had been sentenced under the United States Sentencing Guidelines. On June 8, 1993, Pollack filed a "Renewed Request to Terminate Probation," this time requesting clarification of the status of the original restitution order, as well as termination of his probation and a set aside of the restitution order if still operative.
 
 
 6
 The district court construed Pollack's motion as one made pursuant to 18 U.S.C. Sec. 3564(c) (Nov. 1987). The district court denied the motion for early termination of probation, clarified that the 1989 order reducing Pollack's sentence did not eliminate the restitution requirement of his original sentence and declined to set aside the restitution requirement.
 
 2. Discussion
 
 7
 We review de novo the district court's assumption of jurisdiction. United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990).
 
 
 8
 18 U.S.C. Sec. 3564(c), under which the district court took jurisdiction of Pollack's motions, is applicable only to offenses occurring after November 1, 1987. See Sentencing Reform Act of 1984, Pub.L. No. 98-473, Title II, c. II, Sec. 235(a)(1), 93 Stat. 2031 (1984). Because Pollack's offenses took place before November 1, 1987, section 3564(c) is inapplicable to him. Therefore, the district court could not rely on this section to exercise jurisdiction over Pollack's motion.
 
 
 9
 We have previously recognized that under the sentencing scheme applicable to offenses committed before November 1, 1987, "[d]istrict courts do not have inherent power to resentence defendants at any time; their 'authority to do so must flow either from the court of appeals mandate ... or from [Fed.R.Crim.P.] 35.' " See Stump, 914 F.2d at 172 (quoting United States v. Minor, 846 F.2d 1184, 1187 (9th Cir.1988)). The district court should have construed Pollack's motion as one made pursuant to Fed.R.Crim.P. 35.[1] "The function of Rule 35(b) is 'simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh.' " United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981 (quoting United States v. Maynard, 485 F.2d 247, 248 (9th Cir.1973)). A motion to reduce sentence under Rule 35(b) is therefore essentially a plea for leniency. United States v. Thayer, 857 F.2d 1358, 1360 (9th Cir.1988).
 
 
 10
 Rule 35(b) provides in relevant part, however, that "[a] motion to reduce a sentence may be made ... within 120 days after the sentence is imposed." "The time limit is jurisdictional, and 'unless the 120 day requirement is met, the court has no jurisdiction or power to alter sentence.' " Minor, 846 F.2d at 1189 (quoting United States v. United States District Court (Friedman), 509 F.2d 1352, 1354-55 (9th Cir.), cert. denied, 421 U.S. 962 (1975)).
 
 
 11
 Pollack's motions were filed more than two years after the mandate issued following the culmination of his direct appeal in this case. Therefore, the district court did not have jurisdiction under Rule 35(b) to consider Pollack's motions for reduction of sentence. See Minor, 846 F.2d at 1189.
 
 
 12
 On appeal, Pollack also challenges the legality of the probationary sentence imposed on him by the district court following its 1989 grant of his Rule 35(b) motion for reduction of sentence. He also contends that the 1989 reduction in sentence included the elimination of the restitution portion of his sentence. Pollack's motions for reduction of sentence, however, requested only leniency and a clarification of the district court's previous order reducing his sentence. Because Pollack failed to raise before the district court any issues regarding the legality of his sentence, we decline to address these issues for the first time on appeal. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992).
 
 
 13
 We vacate the order of the district court and remand with instructions to dismiss for lack of jurisdiction Pollack's motions.
 
 
 14
 VACATED and REMANDED with instructions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Pollack's offenses of conviction took place between 1979 and 1982, the version of Rule 35 in effect prior to November 1, 1987, applies