UNITED STATES of America,
Plaintiff–Appellee,

v.

Jieme N. PORTIN, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Ruben Y. NAVARRO, Defendant–
Appellant.

Nos. 93–10397, 93–10398.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 1994.*

Decided April 1, 1994.

Mikel W. Schwab, Asst. U. S. Atty., Agana, Guam, for plaintiff-appellee.

F. Randall Cunliffe, Cunliffe, Cook, Maher & Keeler, Agana, Guam, for defendants-appellants.

Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.

**OPINION**

PER CURIAM:

Jieme N. Portin and Ruben Y. Navarro appeal their sentences imposed following entry of guilty pleas to conspiracy to commit interstate travel in aid of racketeering enterprises in violation of 18 U.S.C. §§ 2, 371, 1952 ("ITAR bribery"), and wire fraud in violation of 18 U.S.C. §§ 2, 371, 1343. Appellants contend the district court exceeded its authority to correct sentencing errors pursuant to Fed.R.Crim.P. 35(c) by increasing the appellants' fines when it corrected an error as to the custodial portion of their sentences. We have jurisdiction under 28 U.S.C. § 1291. We vacate the sentences and remand for resentencing.

A.   Background

Portin and Navarro, both businessmen residing in Guam, were charged with conspiracy to commit ITAR bribery, interstate travel in aid of racketeering, conspiracy to commit interstate transportation of stolen goods, and wire fraud, stemming from a real estate deal

* The panel unanimously finds this case suitable for decision without oral argument.   Fed.R.App.P.     34(a); 9th Cir.R. 34–4.

that involved bribing a government of Guam official. Pursuant to plea agreements negotiated pursuant to Fed.R.Crim.P. 11(e)(1)(C), both appellants pleaded guilty to one count of ITAR bribery and one count of wire fraud. The plea agreements provided that if the appellants provided substantial assistance to the government, the appropriate term of imprisonment was fifteen months. The parties understood that if the court rejected the plea agreements, the appellants would be permitted to withdraw their guilty pleas.

At the sentencing hearing, the government indicated that the appellants had provided substantial assistance and made a motion for a downward departure to sentences of fifteen months. The district court indicated that it would accept the plea agreements but that it would not depart downward to the extent provided by the plea agreement. Appellants requested permission to withdraw their guilty pleas, but the district court denied their motions. The district court sentenced Portin to 33 months imprisonment and a fine of $10,000, and Navarro to 33 months imprisonment and a fine of $25,000.

Pursuant to Fed.R.Crim.P. 35(c), appellants requested that the court correct the incarceration portion of their sentences to conform with the plea agreement. They argued that Fed.R.Crim.P. 11 requires the court either to accept a plea agreement made pursuant to Rule 11(e)(1)(C), including the specific sentence agreed upon by the parties, or to reject the agreement and allow the defendant to withdraw his guilty plea. *See* Fed.R.Crim.P. 11(e)(3), (4). The government concurred in appellants' motion to correct the sentences.

Conceding its error, the district court resentenced appellants to fifteen-month terms. At the same time, it increased the fine previously imposed on Portin from $10,000 to $25,000, and the fine imposed on Navarro from $25,000 to $60,000.

## B. Preservation of Issue for Appeal

■] The government contends that we should not review appellants' claim because appellants failed to object to the higher fines imposed upon resentencing. We will consider an issue raised for the first time on appeal, however, if "the issue is purely one of law" or if "review is necessary to prevent a

miscarriage of justice or to preserve the integrity of the judicial process." *United States v. Clack*, 957 F.2d 659, 661 (9th Cir. 1992). The instant appeals turn on the scope of a district court's authority to correct sentencing errors pursuant to Fed.R.Crim.P. 35, which is a purely legal issue. *See United States v. Contreras–Subias*, 13 F.3d 1341, 1343 (9th Cir.1994). Moreover, the issue on appeal first arose at the resentencing hearing and nothing in the record indicates that appellants had notice that the district court intended to reconsider the amount of the fines previously imposed. Thus, we will review appellants' claim because the issue is purely one of law and because review is necessary to preserve the integrity of the judicial process. *See Clack*, 957 F.2d at 661.

## C. The Fines

■ We review de novo the legality of a criminal sentence. *United States v. Mullins*, 992 F.2d 1472, 1478 (9th Cir.), *cert. denied*, — U.S. ——, 113 S.Ct. 2997, 125 L.Ed.2d 691 and — U.S. ——, 114 S.Ct. 556, 126 L.Ed.2d 457 (1993). Fed.R.Crim.P. 35(c) permits a court, within seven days of sentencing, to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." The government agrees that the original sentence was imposed in violation of Fed.R.Crim.P. 11(e).

The district court's authority to correct a sentence under Fed.R.Crim.P. 35(c):

> "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence.... [Subsection (c)] is not intended to afford the court the opportunity to reconsider the application ... of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines."

Fed.R.Crim.P. 35 advisory committee's notes on 1991 Amendment. Subdivision (c), added by amendment in 1991, codified caselaw holding that the sentencing court has the inherent authority to correct a limited class of sentencing errors before an appeal is taken,

but imposed a seven-day time requirement. *Id.*

Under the pre-sentencing guidelines versions of Rule 35, the district court's authority to correct sentencing errors extended only to the illegal portion of a sentence.[1] *See United States v. Jordan*, 895 F.2d 512, 514–515 (9th Cir.1989); *Kennedy v. United States*, 330 F.2d 26, 27 (9th Cir.1964); *see also United States v. Lewis*, 862 F.2d 748, 750 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989); *Contreras–Subias*, 13 F.3d at 1344 ("The *Kennedy–Jordan* line of cases ... contemplate[s] situations in which a sentence was composed of legal and illegal 'portions,' so that the illegal part could be cleanly 'lopped off.' ").

█ Rule 35(c), like the pre-guidelines versions of Rule 35 interpreted by our *Kennedy–Jordan* line of cases, authorizes the district court only to correct its sentencing errors. As the advisory committee notes to the 1991 Rule specifically state, subsection (c) authorizes the district court to correct obvious sentencing errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error. *See* Fed.R.Crim.P. 35 advisory committee's notes on 1991 Amendment. Thus, the authority granted by Rule 35(c) is at least as narrow as the district court's authority under the pre-guidelines versions of Rule 35.

Here, as in *Jordan* and *Kennedy*, only part of appellants' original sentences was imposed in error. Only the portions of the original sentences concerning the terms of imprisonment were illegally imposed; there was no error as to the fines. At the first sentencing hearing, the district court resolved all issues relating to fines, including the applicable guidelines range and the amount of the fines it considered appropriate in the exercise of its discretion. Neither the defendants nor the government challenged the district

court's original resolution of any issue relating to fines. Accordingly, the district court exceeded its authority under Rule 35(c) by increasing the fines when it corrected its error as to the custodial portions of the sentences. *See* Fed.R.Crim.P. 35 advisory committee's notes on 1991 Amendment; *see also Jordan*, 895 F.2d at 514–15.

We **VACATE** the sentences and **REMAND** to the district court for resentencing in accordance with this memorandum.

---

1. The pre-guidelines version of Rule 35 authorized a district court to correct an illegal sentence "at any time" and to correct "a sentence imposed in an illegal manner" within 120 days after the sentence was imposed. It did not make a distinction between correction of a sentence pursuant to a mandate of an appellate court and correction of a sentence sua sponte or upon motion.

As amended effective 1991, Rule 35 sets forth its provisions concerning correction of sentence on remand in subsection (a). The provisions governing correction of sentence sua sponte or upon motion are set forth separately in subsection (c), which was added by the 1991 amendment. To correct a sentence pursuant to Rule 35(c), the sentencing court must act within seven days after the imposition of sentence.