21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon Leroy RICH, Defendant-Appellant.
 No. 93-36110.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 11, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vernon Leroy Rich appeals pro se the district court's denial of his motion for reconsideration of the denial of his Fed.R.Crim.P. 35 motion for reduction of the sentence imposed following his convictions for unarmed bank robbery and escape in violation of 18 U.S.C. Secs. 751, 2113(a). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Rich was convicted following a jury trial in late April and early May 1987. He was sentenced to concurrent 20-year terms on four counts of bank robbery, followed by a consecutive 10-year term on a fifth bank robbery count. The district court suspended imposition of sentence on the escape count, instead placing Rich on probation for five years. On June 18, 1987, Rich filed a motion for reduction of sentence which was denied on June 23, 1987.
 
 
 4
 On October 18, 1993, Rich filed a "Motion to Reconsider the Rule 35 Motion Previously Filed in the Instant Action." The district court addressed this motion on the merits, denying it by order filed November 4, 1993. It is from this denial that Rich appeals.
 
 
 5
 Under the sentencing scheme applicable to offenses committed before November 1, 1987, "[d]istrict courts do not have inherent power to resentence defendants at any time; their 'authority to do so must flow either from the court of appeals mandate ... or from [Fed.R.Crim.P.] 35.' "[1] See United States v. Stump, 914 F.2d 170, 172 (9th Cir.1990) (quoting United States v. Minor, 846 F.2d 1184, 1187 (9th Cir.1988)). "The time limit is jurisdictional, and 'unless the 120 day requirement is met, the court has no jurisdiction or power to alter sentence.' " Minor, 846 F.2d at 1189 (quoting United States v. United States District Court (Friedman), 509 F.2d 1352, 1354-55 (9th Cir.), cert. denied, 421 U.S. 962 (1975)).
 
 
 6
 Rich's 1987 Rule 35 motion requested a reduction of sentence based upon his ill-health. The district court found Rich's plea unpersuasive and denied the motion. Rich's 1993 Rule 35 motion was clearly not a request for reconsideration of the district court's denial of the Rule 35 motion made 6 years previously, based as it was on alleged significant negative changes in his medical condition in the intervening years.
 
 
 7
 Timely filing of Rich's 1987 Rule 35 motion did not give the district court jurisdiction to consider the untimely 1993 Rule 35 motion, even though it was styled a "motion for reconsideration. See United States v. Hetrick, 644 F.2d 752, 756 (9th Cir.1980) (timely filing of initial Rule 35 motion does not give district court jurisdiction to consider subsequent untimely Rule 35 motion). Although the district court addressed Rich's Rule 35 motion on its merits, we hold that it was untimely and affirm on that basis. See United States v. Burnette, 698 F.2d 1038, 1048 (9th Cir.) (appellate court may affirm on any basis finding adequate support in the record), cert. denied, 461 U.S. 936 (1983).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Rich's offenses of conviction took place between November 1986 and February 1987, the version of Rule 35 in effect prior to November 1, 1987, applies. The function of this version of Rule 35 is " 'simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh.' " United States v. Smith, 650 F.2d 206, 208 (9th Cir.1981) (quoting United States v. Maynard, 485 F.2d 247, 248 (9th Cir.1973))