67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
R.G. REYNOLDS, Defendants-Appellant.
 Nos. 94-50390, 94-50522.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 27, 1995.
 
 1
 Before: BROWNING, PREGERSON, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 In these consolidated appeals, R.G. Reynolds appeals the district court's denial of his motion for reconsideration and motion for return of property pursuant to Fed.R.Crim.P. 41(e). Reynolds contends that the district court erred in correcting the restitution element of his sentence and permitting the sale of his property to satisfy the restitution order. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 BACKGROUND
 
 4
 Reynolds was convicted, following a jury trial, of thirteen counts of mail fraud in violation of 18 U.S.C. Sec. 1341 and two counts of witness tampering in violation of 18 U.S.C. Sec. 1512(b)(2)(B). On December 16, 1991, the district court sentenced Reynolds to 14 years imprisonment on all counts. The execution of sentence as to counts twelve and thirteen was suspended, and Reynolds was placed on probation for five years subject to various conditions, including that he pay restitution "as directed by the Probation Officer." On May 3, 1994, upon the government's ex parte motion, the district court corrected the restitution element of Reynolds's sentence and ordered him to pay $420,955 to victims named in the indictment (hereinafter "the May 3rd Order"). On May 13, 1994, the district court granted the government's ex parte motion to sell Reynolds's property in the government's possession to satisfy the restitution order (hereinafter "the May 13th Order"). On June 9, 1994, Reynolds filed a motion to vacate, set aside, and reconsider the May 3rd Order and the May 13th Order. The district court denied Reynolds's motion. On July 8, 1994, Reynolds moved the district court for the return of his property under Fed.R.Crim.P. 41(e), which was denied on August 29, 1994. Reynolds timely appealed from both denials. His appeals were consolidated.
 
 ANALYSIS
 
 5
 A. Appeal From Denial of Motion for Reconsideration[1]
 
 
 6
 Reynolds contends that the district court lacked authority to correct the restitution component of his sentence imposed two and a half years earlier. In particular, he argues that the district court could not order restitution beyond counts for which probation was imposed. Reynolds also contends that the district court's correction of his sentence violated the Double Jeopardy Clause and the Due Process Clause. His contentions lack merit.
 
 
 7
 We review a district court's denial of a motion for reconsideration for abuse of discretion. United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir.1992). The legality of a sentence, however, is reviewed de novo. United States v. DeSalvo, 41 F.3d 505, 511 (9th Cir.1994).
 
 
 8
 A district court "may correct an illegal sentence at any time." Fed.R.Crim.P. 35(a); United States v. Minor, 846 F.2d 1184, 1189 (9th Cir.1988) (correction "extends only to the illegal portion of the sentence, and does not ... reach legal sentences previously imposed").[2] Further, a restitution order granting broad authority to the probation officer to determine the restitution amount or terms is illegal. United States v. Barany, 884 F.2d 1255, 1260-61 (9th Cir.1989) (restitution order was illegal under Federal Probation Act (FPA) or Victim and Witness Protection Act (VWPA) because it required defendant to pay restitution under direction of probation officer), cert. denied, 493 U.S. 1034 (1990).[3]
 
 
 9
 Here, the restitution component of the sentence was illegal because it ordered Reynolds to pay restitution at the direction of the probation officer, thereby giving broad authority to the probation officer. See Barany, 884 F.2d at 1260-61. Thus, the district court was authorized to correct it at any time, and the lapse of two years between the original sentence and the district court's correction did not divest the district court of its authority. See Fed.R.Crim.P. 35(a); Minor, 846 F.2d at 1188.
 
 
 10
 Reynolds argues that the restitution amount may not exceed the losses suffered by the victims named in counts twelve and thirteen for which restitution as a condition of probation was imposed. Although the restitution amount must reflect the losses caused by offenses of which Reynolds was convicted, we have allowed "restitution to aggrieved parties not named in counts for which probation is ordered." United States v. Van Cauwenberghe, 827 F.2d 424, 434 (9th Cir.1987) (interpreting FPA), cert. denied, 484 U.S. 1042 (1988).
 
 
 11
 Reynolds's double jeopardy argument is meritless because we have held that correction of an illegal sentence does not amount to double jeopardy. See United States v. Contreras-Subias, 13 F.3d 1341, 1345 (9th Cir.) (this is true even where defendant has begun serving his sentence), cert. denied, 114 S.Ct. 2105 (1994); United States v. Kinsey, 994 F.2d 699, 702 (9th Cir.1993) (correction of an illegal sentence "does not automatically amount to double jeopardy, even though the legal sentence exceeds the previously imposed illegal sentence").[4] Further, the district court neither violated due process nor abused its discretion in amending the illegal sentence without a hearing. See United States v. Portin, 20 F.3d 1028, 1029 n. 1 (9th Cir.1994) (per curiam) (district court may correct illegal sentence sua sponte or upon motion under Rule 35); United States v. Holt, 704 F.2d 1140, 1140 (9th Cir.1983) (per curiam) ("[t]he district court's decision not to hold a hearing in a Rule 35 proceeding will be reversed only when the district court has abused its discretion"). The presentence report indicated and Reynolds did not object that the total loss to the victims named in the counts of conviction was $420,955. See Van Cauwenberghe, 827 F.2d at 434.
 
 
 12
 Therefore, the district court properly corrected the illegal sentence and denied Reynolds's motion to vacate, set aside, and reconsider the May 3rd Order. See DeSalvo, 41 F.3d at 511; Nutri-Cology, Inc., 982 F.2d at 397.
 
 
 13
 B. Appeal From Denial of Motion for Return of Property
 
 
 14
 Reynolds contends that the district court erred in permitting the sale of his assets to satisfy the restitution order and denying his motion for the return of his property under Fed.R.Crim.P. 41(e). After a de novo review, we conclude that Reynolds's contention lacks merit. United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993) (district court's interpretation of Rule 41(e) is reviewed de novo).
 
 
 15
 "[A] restitution order is enforceable as a lien upon all of the defendant's property at the time judgment is entered." Id. at 612 (interpreting VWPA). The government may retain the defendant's property already in the government's possession to satisfy the terms of the restitution order, thereby defeating a defendant's Rule 41(e) motion for return of property. Id.
 
 
 16
 Reynolds requested the return of all property seized by the government, including stock certificates, coins, gems, and cash. However, since those assets were in the government's possession already and were to be used in satisfaction of the restitution order, the district court did not err in allowing the government to retain and sell the assets and denying Reynolds's Rule 41(e) motion. See id.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, U.S. Senior District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reynolds's motion for reconsideration concerned both the May 3rd Order and May 13th Order. Since Reynolds's contentions regarding the district court's May 13th Order and the denial of his motion for return of property are closely related, they will be discussed together under section B
 
 
 [2]
 Fed.R.Crim.P. 35 was revised in 1985. The prior version, which governs this case, applies to sentences for offenses committed before November 1, 1987
 
 
 [3]
 It is unclear whether the district court ordered restitution under the VWPA or the FPA. Because Reynolds's offenses occurred between 1985 and 1987, restitution could have been ordered under either statute. See United States v. Soderling, 970 F.2d 529, 532 (9th Cir.1992), cert. denied, 113 S.Ct. 2446 (1993). We need not make this determination here because the result would be the same under either statute
 
 
 [4]
 Reynolds waived his argument that the Double Jeopardy Clause was violated because of a previous Securities and Exchange Commission's civil judgment against him since he raised the argument for the first time in his reply brief. See United States v. Lorenzo, 995 F.2d 1448, 1457 (9th Cir.), cert. denied, 114 S.Ct. 225 (1993)