69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
L. Anna T. REITZ, Defendant-Appellant.
 Nos. 94-50274, 94-50312.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Oct. 26, 1995.
 
 1
 Before: POOLE and O'SCANNLAIN, Circuit Judges, and MARQUEZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In these consolidated cases, L. Anna T. Reitz appeals her 70-month sentence imposed following guilty pleas for two counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d). Reitz contends that the district court erred by: (1) refusing to depart downward based upon her imperfect duress defense and gambling addiction; and (2) denying her Fed.R.Crim.P. 35(c) motion to correct her sentence based upon an alleged miscalculation of the applicable Guidelines range. We affirm.
 
 
 4
 Initially, the government contends that the notice of appeal is untimely as to Reitz's downward departure argument. Even assuming without deciding that Reitz properly preserved this issue for appeal, we lack jurisdiction to review a district court's discretionary refusal to depart downward. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). The record reveals that the court did exercise its discretion in refusing to depart downward; therefore, this issue is not reviewable. See id.
 
 
 5
 The government also contends that the district court lacked jurisdiction to consider Reitz's Rule 35(c) motion because the court acted outside the seven-day period prescribed by Rule 35(c). We decline to reach this issue. Even assuming without deciding that the court properly acted on the motion, the relief sought under Rule 35(c) was properly denied. See Fed.R.Crim.P. 35(c) advisory committee's notes on 1991 amendment (Rule 35(c) "is not intended to afford the court the opportunity to reconsider the application ... of the ... guidelines or for the court simply to change its mind about the appropriateness of the sentence."); see also United States v. Portin, 20 F.3d 1028, 1030 (9th Cir.1994) (district court's authority to correct sentencing errors under Rule 35(c) does not allow the court to reconsider "issues previously resolved under the guidelines where there is no error"). At sentencing, Reitz did not challenge the calculation of the applicable Guidelines range; therefore Rule 35(c) is inapplicable. See Portin, 20 F.3d at 1030.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3