70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Joaquin HERNANDEZ, Defendant-Appellant.
 No. 94-30458.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Dec. 5, 1995.
 
 1
 Before: REINHARDT and TROTT, Circuit Judges, and SCHWARZER, District Judge.*
 
 
 2
 ORDER**
 
 
 3
 We dismiss this appeal for lack of jurisdiction. The parties chose to treat Hernandez's motion as falling under the pre-1985 amendment version of Fed.R.Crim.P. 35(a). This rule grants jurisdiction to courts to correct illegal sentences imposed for pre-Sentencing Guidelines crimes. United States v. Minor, 846 F.2d 1184, 1188 n. 4 (9th Cir.1988). Pre-Guidelines counts did not affect Hernandez's term of imprisonment. Therefore, he cannot now challenge the length of his imprisonment under this version of Rule 35.
 
 
 4
 Nor is jurisdiction under 28 U.S.C. Sec. 2255 an option. Where a petitioner does not allege constitutional or jurisdictional error, Sec. 2255 jurisdiction exists only to correct errors that caused "a complete miscarriage of justice" or a "proceeding inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84 (1979). Hernandez's claim that the district court miscalculated his criminal history category under the Sentencing Guidelines fails this threshold jurisdictional requirement. See Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir.1995) (rejecting Sec. 2255 jurisdiction over petitioner's request to be resentenced under retroactive amendment to Guidelines passed after imposition of his sentence).
 
 
 5
 DISMISSED.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4