91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford J. ROBERSON, Defendant-Appellant.
 No. 96-10138.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided July 29, 1996.
 
 Before: WOOD*, CANBY, and RYMER, Circuit Judges.
 MEMORANDUM**
 Clifford J. Roberson brings this interlocutory appeal from the district court's order setting a date for resentencing and denying his motion for release from custody. Among other things, Roberson contends that the district court lacks jurisdiction to resentence him, while the government maintains that Roberson's motion under 28 U.S.C. § 2255 challenged his sentence and thus gives the court jurisdiction to resentence. Because we agree with Roberson, and we have jurisdiction to decide this jurisdictional issue, Delave v. Agripac, Inc., 39 F.3d 235 (9th Cir.1994), cert. denied, 115 S.Ct. 1402 (1995), we vacate the district court's order remanding Roberson to custody and its order setting a date for resentencing.[1]
 The government argues that the district court has jurisdiction because of Roberson's § 2255 motion. However, when we dismissed his appeal from the district court's denial of that motion, the order denying the § 2255 motion (which was otherwise final) became finally final. Although the government's subsequent motion to dismiss count 3 pursuant to Fed.R.Crim.P. 48(a) was granted, the government does not contend that Rule 48 itself affords an independent basis of jurisdiction to resentence on the drug convictions and we can't see how it could. No other basis has been argued, or appears. United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994) ("The authority to change a sentence must derive from some federal statutory authority."); United States v. Minor, 846 F.2d 1184, 1187 (9th Cir.1988) ("a district court does not have inherent power to resentence defendants at any time").
 We therefore conclude that the district court lacks jurisdiction to resentence Roberson. Accordingly, its March 26, 1996 order must be vacated.
 VACATED and REMANDED.
 
 
 
 *
 Hon. Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have previously vacated the district court's order remanding Roberson to custody. As there is no dispute that he has served the custodial sentence imposed on his drug convictions, we assume this ends the issue of whether Roberson is entitled to release. However, we are not entirely sure of where the paperwork stands, given the peculiar posture of this case. While we express no opinion on the circumstances surrounding Roberson's release from custody, we leave it to the district court on remand to do whatever is necessary to clarify Roberson's status consistent with our decision