**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard Henry CLACK, Defendant–**
**Appellant.**

**No. 90–10531.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1991.

Decided Feb. 20, 1992.

**660**

Joseph Costello, Sonoma, Cal., for defendant-appellant.

Eric Havian, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before NORRIS, BEEZER and LEAVY, Circuit Judges.

BEEZER, Circuit Judge:

Rejecting his insanity defense, a jury convicted Richard Clack of violating the Hobbs Act and of possession of stolen property that has traveled interstate. His sentence included a restitution award in the amount of "one million eight thousand dol-

**1.** The other grounds upon which Clack challenges his conviction and sentence are ad-

lars less the amount of recovered goods." Clack's timely appeal challenges the restitution award.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the court delegated too much authority to the probation office, we vacate so much of the sentence as ordered restitution and remand for reconsideration.

## I

In 1988 and 1989, Clack committed a series of robberies and burglaries, stealing antique art, paintings, oriental carpets, jewelry and other expensive items. A co-owner of an Albuquerque, New Mexico oriental carpet store traced her stolen carpets to Clack's house in San Francisco. After seeing some of the carpets in a van parked outside the house, she alerted the Federal Bureau of Investigation. With Clack's consent, FBI agents searched the van and Clack's house. They found hundreds of stolen items. Clack later detailed from where or whom he had taken which items, how he had taken them, and when.

Clack was indicted for two counts of interference with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951. The indictment also charged him with possession of over $500,000 in stolen property that has traveled interstate, in violation of 18 U.S.C. § 2315. At his jury trial, Clack raised the defense of insanity, arguing that he was schizophrenic. The jury convicted him of all counts. The court sentenced him to prison for 96 months on each count, to run concurrently, followed by three years supervised release. The court also ordered Clack to pay restitution "in the amount of one million eight thousand dollars less the amount of recovered goods."

At sentencing, the judge made the following comments regarding restitution:

As to restitution, at this moment in time the Court is unable to set the exact amount of restitution, but accepts the probation officer's estimate of 1,008,000

dressed in a separate memorandum disposition.

dollars as the loss. The restitution will be that figure minus the recovery, the value of all properties recovered[,] from that amount.

## II

 Clack challenges the restitution award on four grounds: (1) that it unlawfully delegates authority to the probation office to determine the actual amount of restitution; (2) that it violates the rule set out in *Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); (3) that it is based on an incorrect figure; and (4) that it fails to account for his inability to pay even a small fine. Clack did not raise these issues with the district court. He did not raise the *Hughey* challenge until after he filed his reply brief.

■■■ Objections to restitution that are not raised in the district court are usually deemed waived. *United States v. Mondello,* 927 F.2d 1463, 1468 (9th Cir.1991). We will consider an objection, however, if: review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process; a change in law raises a new issue while an appeal is pending; or the issue is purely one of law. *Jovanovich v. United States,* 813 F.2d 1035, 1037 (9th Cir.1987). Here, Clack's first objection raises a pure legal issue and requires review in order to prevent a miscarriage of justice. Because we remand for reconsideration of the restitution amount, we need not discuss Clack's other objections.[2]

## III

■■■ Clack contends that the court violated the Victim and Witness Protection Act, 18 U.S.C. § 3663, "by not determining the exact amount of restitution and by delegating the responsibility for such determination to the probation officer." The legality of a restitution order is reviewed de novo. An order complying with the statutory framework, however, is reviewed for an abuse of discretion. *United States v. McHenry,* 952 F.2d 328, 329–330 (9th Cir.1991).

We have held that "the amount of restitution ordered must be judicially established." *United States v. Angelica,* 859 F.2d 1390, 1395 (9th Cir.1988). In *United States v. Barany,* the district court ordered the defendant to make restitution "under direction of the Probation Office." 884 F.2d 1255, 1257 (9th Cir.1989), *cert. denied,* 493 U.S. 1034, 110 S.Ct. 755, 107 L.Ed.2d 771 (1990). We vacated the restitution award and remanded because the court had erroneously "vested unlimited discretion in the probation office to determine the amount and nature of restitution." *Id.* at 1261. *See also United States v. Cannizzaro,* 871 F.2d 809, 812 (9th Cir.), *cert. denied* 493 U.S. 895, 110 S.Ct. 245, 107 L.Ed.2d 195 (1989) (remanding for reconsideration of restitution order, where district court failed to determine extent to which victim already compensated).

In the case at hand, the district court did not delegate "unlimited discretion"; the upper limit for restitution was set at about a million dollars. It was apparent at the time of sentencing, however, that the restitution award would be substantially reduced. The government had recovered and valued a considerable amount of stolen property. The court erred in not determining the value of this recovered property and deducting it from the restitution amount.[3]

## IV

We VACATE so much of the sentence as ordered restitution and REMAND for reconsideration of the amount of restitution.

■■■

---

**2.** Based on the record before us, we cannot determine whether restitution was limited to the counts upon which the jury based its conviction. *See Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). This claim and Clack's other claims can properly be considered by the district court in setting the restitution amount on remand.

**3.** We do not hold that the court must determine how much credit a defendant should receive for property recovered after restitution is ordered. That situation does not present itself here.