979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew RALPH, Defendant-Appellant.
 No. 90-10415.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 19, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew David Ralph ("Ralph") appeals from the order requiring him to pay restitution pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663-3664. He claims that the district court failed to consider his ability to pay restitution. We affirm.
 
 I.
 
 3
 Between July 31 and December 2, 1989, Ralph robbed six federally insured banks. On February 20, 1990, an information was filed charging him with six counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Ralph pled guilty to those charges. During the sentencing proceedings in this matter, the district court discussed the findings of the probation officer including the impact of the robberies on the bank tellers, the fact that Ralph netted $23,607.50 from the robberies, and his training as a carpenter. The court sentenced Ralph to 66 months in prison and ordered him to pay $23,607.50 in restitution to the financial institutions he robbed.
 
 II.
 
 4
 Ralph contends that the district court erred by failing to consider his ability to pay the restitution ordered. He reasons that the district court must consider his ability to pay before the court can order restitution under the Victim and Witness Protection Act. United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied 112 S.Ct. 1515 (1992).
 
 
 5
 Ralph did not object to the payment of restitution during his sentencing hearing. Objections to restitution that are not raised in the district court are usually waived. United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992). Nevertheless, this court may consider his contention if: (1) review is necessary to prevent a miscarriage of justice or to preserve the integrity of the court; (2) a change of law raises a new issue while the appeal is pending; or (3) the issue is purely one of law. Id. On appeal, Ralph seeks review only under the third exception to the general rule of waiver. He argues that the district court's consideration of his ability to pay restitution is a legal issue. Ralph's argument is without merit. The question of whether the court considered Ralph's ability to pay requires a factual inquiry. We would have to examine whether the court had at its disposal information bearing on his ability to pay. Smith, 944 F.2d at 623. Therefore, whether the district court considered Ralph's ability to pay is not a pure question of law.
 
 
 6
 This conclusion is supported by United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991). In Mondello, the defendant appealed a fine assessed against him by the district court. He argued that the court failed to consider his ability to pay. Id. Mondello did not contest the fine in the district court. Id. We held that it would not consider the issue raised for the first time on appeal because none of the exceptions to the general rule of waiver applied. Id. Because questions of law come within the exceptions to the waiver bar, we implicitly determined that in Mondello that failure to consider a defendant's ability to pay is not a pure legal issue.
 
 
 7
 Ralph's attempt to distinguish Mondello is unpersuasive. He asserts that Mondello did not respond to the Government's claim that Mondello had failed to preserve the issue for appeal. Ralph argues that he addressed the question of waiver in his reply brief. Ralph's discussion of the waiver issue in his reply brief does not excuse his failure to object in the district court. Ralph also asserts that Mondello stipulated that he would receive credit for the money previously seized from him by the government towards the amount owing on his fine. Ralph points out that he made no such stipulation. We referred to the stipulation in Mondello as evidence supporting our conclusion that the appellant failed to object. See id. at 1468 n. 5. Because Ralph did not object to the payment of restitution, he waived his right to seek review of the question whether the district court considered his ability to pay restitution.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3