995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael HERMAN, Defendant-Appellant.
 No. 92-10257.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Herman appeals his sentence under the Sentencing Guidelines upon conviction by guilty plea of conspiring to violate 18 U.S.C. § 513 by passing counterfeited travelers checks, in violation of 18 U.S.C. § 371. Herman claims that the district court abused its discretion in ordering Herman to pay $30,100 in restitution and to participate in a substance abuse program as a condition of his supervised release. We conclude that Herman is barred from raising most of these issues for the first time upon review, and the remainder of his claims are meritless; we therefore affirm.
 
 
 3
 * Herman challenges the restitution award on the grounds that it overcompensates the victim for the loss and fails to account for his inability to pay. In his plea agreement, Herman agreed that the loss reasonably foreseeable to him was between $30,000 and $40,000, and he indicated that he understood his punishment could include restitution of any loss his crime may have caused the victim, American Express, Inc. Herman's presentence report, prepared thereafter, included the following:
 
 Restitution
 
 4
 82. Restitution in the amount of $30,100 is payable to American Express....
 
 
 5
 The sentencing recommendation included a recommendation of $30,100 in restitution. Herman did not object to the presentence report in any manner, either in its draft or final form.
 
 
 6
 At sentencing, Herman again neglected to object to the recommendation for restitution in the presentence report. Thereafter, as a condition of supervised release, the court ordered "that, in accordance with a schedule to be set by the United States Probation Officer, you reimburse by way of restitution American Express in the sum of $30,100." Herman still kept silent. The final judgment as entered includes, as a condition of supervised release, that Herman "shall pay restitution in the amount of $30,100.00 to American Express, payable in installments as determined and directed by the U.S. Probation Office."
 
 
 7
 Herman now complains that the restitution order is illegal because two of his coconspirators were sentenced to pay restitution totalling $16,600 to American Express to reimburse the same losses covered by his restitution award of $30,100, resulting in overcompensation of the victim, payment by Herman for losses not caused by his conduct, and sentence disparity among the coconspirators. He also argues that the court abused its discretion in failing to consider his inability to pay the restitution.
 
 
 8
 Objections to restitution that are not raised in the district court are usually deemed waived. United States v. Clack, 957 F.2d 659, 661; United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991). Herman seeks to avoid this rule by characterizing his claims as pure legal issues and miscarriages of justice. See Clack, 957 F.2d at 661. His claim regarding inability to pay, however, is a factual issue, as Herman acknowledges in his opening brief; Herman was bound to raise any complaints on this score before the district court. As the judgment mandates payment according to a schedule yet to be determined, with payment due during his supervised release, and as there is evidence Herman is employable, has family resources to support him, and is not responsible for supporting any dependents, his claimed inability to pay now does not create a miscarriage of justice warranting review. See United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991) (court may impose restitutionary sentence upon a defendant who is indigent at time of sentencing) (citation omitted), cert. denied, 112 S.Ct. 1515 (1992). Nor will we review the disparity of his sentence as measured by his coconspirators; such review would require an inquiry into the nature of their roles in the offense, a factual matter. Nor can we determine whether the victim will be overcompensated, when so far as the record reveals the victim has yet to receive a cent from any conspirator, much less from Herman. If Herman has not paid the full amount at the end of the five-year period but can demonstrate that he has made a diligent good faith effort to do so, or if it appears before then that the victim has been fully compensated for its loss, Herman may petition the district court at that time for either an extension of time period for payment or a remittitur. Smith, 944 F.2d at 624.
 
 
 9
 Herman's claim that the court awarded restitution for losses not caused by his conduct raises an issue that appears to be purely legal. Under United States v. Hughey, 495 U.S. 411 (1990), a restitution order must be limited to losses caused by the specific conduct that is "the basis of," Hughey, 495 U.S. at 413, is "described by," United States v. Garcia, 916 F.2d 566, 567 (9th Cir.1990), or "underlying," United States v. Sharp, 941 F.2d 811, 814 (9th Cir.1991), the offense of conviction.[1] Between the information and the plea agreement, it appears that Herman pled guilty to and was convicted of conspiring to pass between $30,000 and $40,000 worth of counterfeit checks in a check cashing scheme of which he was a supervisor. The $30,100 actual loss to American Express from checks passed by Herman's "cell" is attributable to Herman's specific conduct of conspiring with his coconspirators to organize, supply and supervise groups of "crackers" in passing 301 counterfeit travelers' checks. Accordingly, the restitution award for $30,100 relates solely to losses arising from acts for which Herman was convicted, and satisfies Hughey and Sharp. Herman claims that his specific conduct was passing $4,400 worth of counterfeit checks, but that is not the conduct described by the offense of his conviction, conspiracy. Accordingly, we hold that such of Herman's objections to the restitution award as are not waived are meritless.
 
 II
 
 10
 Herman attacks the requirement that he participate in a substance abuse program, imposed as a condition of supervised release, as an abuse of the district court's discretion. Sentencing Guideline 5B1.4(b)(23) recommends participation in a substance abuse program as a condition of supervised release if the court "has reason to believe" the defendant abuses drugs or alcohol. Whether there was sufficient evidence to warrant the imposition of a requirement that Herman participate in a substance abuse program is a factual issue. Herman waived his objections before the district court by remaining silent when presented with two opportunities to object to this condition: upon review of the presentence report's recommendation and upon the court's pronouncement of sentence. He may not now object here.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Hughey and Sharp have been superceded in part by statute, this holding is still good law. See United States v. Jackson, 982 F.2d 1279, 1282 n. 1 (9th Cir.1992); United States v. Soderling, 970 F.2d 529, 533 n. 8 (9th Cir.1992)