2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnnie Charles LINBERG, Jr., aka Michael Aaron Mellon,
Defendant-Appellant.
 No. 92-50719.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided Aug. 2, 1993.
 
 Before GIBSON,* HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnnie C. Linberg, Jr., appeals his sentences and restitution order. He argues the district court erred in: (1) applying the 1992 Guidelines, because the 1988 Guidelines in effect when he completed the conduct charged in counts 3 and 4 of his indictment provided for a lesser punishment; and (2) ordering restitution (a) in an amount greater than the loss occasioned by conduct underlying the counts of conviction, and (b) without consideration of Linberg's ability to pay. We affirm.
 
 
 3
 I. Facts.
 
 
 4
 From August 14, 1989 to December 20, 1989 Linberg worked for The New England Insurance Company (New England) as an insurance salesman. While at New England, he convinced several customers to send him money, ostensibly for deposit into investment accounts. Instead of investing the money as promised, however, Linberg diverted it to his own use. To cover his tracks, he prepared and mailed fictitious account statements to the customers. Counts 3, 4, 5, and 6, the counts to which Linberg pled guilty, all involved such mailings to one of Linberg's customers, Harry Hilgers. Hilgers suffered $77,000 in losses. Other customers suffered a total of $24,433.15 in losses as a result of this scheme.
 
 
 5
 Linberg also became involved in a "check-kiting" scheme in which he used the name of a dead infant to open checking accounts. He used checks written on these accounts to purchase securities. The accounts held insufficient funds to cover Linberg's checks, resulting in a loss of $106,800 to several banks.
 
 
 6
 Linberg was arrested in March of 1992 when he attempted to use another dead infant's identity to procure a passport. He was indicted for making a false statement in a passport application. In a separate indictment, he was charged with six counts of mail fraud arising out of his conduct at New England. He pled guilty to the first indictment, and, on July 9, 1992, to counts 3-6 of the second indictment. He agreed in his plea agreement to pay restitution in the amount of $132,447.70. This amount reflected the losses suffered by Hilgers and the other victims of his mail fraud scheme, as well as losses suffered by some of the banks in his check-kiting scheme.
 
 
 7
 Linberg was sentenced on November 30, 1992. He was sentenced under the 1992 Guidelines to 27 months imprisonment on each count, to run concurrently. Restitution was ordered in the amount specified in the plea agreement. Linberg appeals.
 
 
 8
 II. Ex Post Facto.
 
 
 9
 Linberg argues the district court's application of the 1992 Guidelines violated the ex post facto clause because his conduct underlying counts 3 and 4 occurred in 1988, when the Guidelines provided for a more lenient sentence. Ex post facto challenges are reviewed de novo. United States v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993).
 
 
 10
 If an offense is considered to be a "non-continuing" offense, the Guidelines in effect at the time of commission of the offense apply. See United States v. Niven, 952 F.2d 289, 293 (9th Cir.1991). Linberg correctly argues that mail fraud is a non-continuing offense which is completed when the fraudulent matter is placed in the mail. Id. Consequently, because the mailings underlying counts 3 and 4 occurred during the effective dates of the 1988 Guidelines, the district court should have applied these Guidelines in sentencing Linberg on these counts. See also Castro, 972 F.2d at 1112 (remanding for resentencing on non-continuing possession counts occurring before effective date of amended Guidelines).
 
 
 11
 Because the mailings involved in counts 5 and 6 occurred after the 1989 amended Guidelines came into effect, however, the district court properly applied the 1992 Guidelines[1] to these counts.[2] Thus, the district court correctly sentenced Linberg to 27 months imprisonment on those counts, and, because all of Linberg's sentences are set to run concurrently, Linberg will not spend any additional time imprisoned because of the improper sentences on counts 3 and 4. Because we do not see, and Linberg has not suggested, any prejudice, we see no need to remand for resentencing in this case. See United States v. Regan, 989 F.2d 44, 48-49 (1st Cir.1993).
 
 
 12
 III. Restitution.
 
 
 13
 Linberg argues the district court erred in failing to limit its restitution order to the losses caused by the conduct underlying the counts of conviction and in failing to base the restitution amount on Linberg's ability to pay.[3] A restitution order is reviewed for abuse of discretion as long as it is within the statutory framework. United States v. Sharp, 941 F.2d 811, 814 (9th Cir.1991). Questions of law are reviewed de novo. Id.
 
 
 14
 A. Failure to Limit to Counts of Conviction.
 
 
 15
 Linberg argues that the district court improperly included losses attributable to his check-kiting scheme in its restitution order. 18 U.S.C. Sec. 3663(a)(3), effective November 29, 1990, provides that "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." Linberg argues that the provision is inapplicable, because it was enacted after his offenses were completed.
 
 
 16
 In United States v. Soderling, 970 F.2d 529, 534 n. 9 (9th Cir.1992), cert. denied, 113 S.Ct. 2446 (1993), we stated that "[s]ection 3663(a)(3) may even serve to validate some plea agreements relating to offenses occurring before November 29, 1990, so long as the plea agreement was entered after November 29, 1990." This is the position adopted by the Fifth Circuit. See United States v. Arnold, 947 F.2d 1236, 1238 n. 2 (5th Cir.1991). The application of section 3663(a)(3) does not violate the ex post facto clause when applied to situations in which the plea agreement was entered into after subsection (a)(3)'s effective date. Under section 3663(a)(3), the district court correctly ordered restitution in the amount specified in the plea agreement.
 
 
 17
 B. Ability to Pay.
 
 
 18
 Linberg argues the district court erred in failing to consider his ability to pay the restitution award. Specifically, he argues that the record does not reflect some evidence he may be able to pay restitution in the amount ordered in the future. United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993). We need not decide, however, whether the record indicates Linberg will be able to pay the amount ordered. Linberg clearly promised in his plea agreement to pay $132,447.50 in restitution. Just as section 3663(a)(3) allows the court to order restitution in an amount that would otherwise be prohibited by sections 3663(a)(1) and (a)(2), so does it allow the court to order restitution in an amount that would otherwise be prohibited by section 3664(a). If Linberg was unable to pay this otherwise appropriate amount, he had the burden of demonstrating his inability to pay. See United States v. Nazifpour, 944 F.2d 472, 475 (9th Cir.1991). He did not.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Floyd R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Both parties agree that the 1992 Guidelines provide for the same punishment as do the 1989 Guidelines, so there is no ex post facto problem in applying them to counts 5 and 6
 
 
 [2]
 Linberg argues that, to avoid piecemeal application of the Guidelines, only one set of Guidelines should be used to calculate all of his sentences. The cases declaring a policy against "piecemeal" application, however, are inapposite to his situation. These cases hold only that a defendant's sentence on a single count should be controlled by a single set of Guidelines, not that a single set of Guidelines must be used to calculate all of a defendant's sentences on multiple counts. See United States v. Warren, 980 F.2d 1300, 1305 (9th Cir.1992); United States v. Lenfesty, 923 F.2d 1293, 1299 (8th Cir.), cert. denied, 111 S.Ct. 1602 (1991). We have not hesitated to apply different sets of Guidelines to different counts of conviction when this result is required by the ex post facto clause. See Castro, 972 F.2d at 1112; Niven, 952 F.2d at 293
 
 
 [3]
 Although Linberg failed to object below to the restitution order, we nevertheless consider his claims, as they raise questions of law. United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992)