12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
David Lee GRISSOM, Defendant-Appellee.
 No. 92-30416.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 18, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Lee Grissom appeals his convictions and sentence for bank fraud, mail fraud and making false statements to federally insured financial institutions. We affirm the convictions, vacate his sentence and remand for resentencing and additional factual findings.
 
 1. Refusal to Instruct on Good Faith
 
 3
 We have held repeatedly that a "defendant is not entitled to a separate good faith instruction when the court adequately instructs on specific intent." E.g., United States v. Lorenzo, 995 F.2d 1448, 1455 (9th Cir.1993) (internal quotations omitted), cert. denied, 62 U.S.L.W. 3250 (U.S.1993); United States v. Rushton, 963 F.2d 272, 274 (9th Cir.1992). The district court instructed the jury on the elements of bank fraud and the definitions of knowingly and intent to defraud. The court's instructions on specific intent were adequate. A good faith instruction was unnecessary. Because the instructions were adequate, we need not consider Grissom's double jeopardy argument.
 
 
 4
 2. Restitution to U.S. Bancorp Mortgage Company
 
 
 5
 We usually will not address objections to a restitution order that were not raised in the district court. United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992). We will make an exception, however, if review is required to prevent a miscarriage of justice. Id. We review de novo the legality of a sentence, including its restitution component. United States v. Snider, 957 F.2d 703, 705 (9th Cir.1992) (per curiam).
 
 
 6
 In Hughey v. United States, 495 U.S. 411, 413 (1990), the Court held that a restitution award under the VWPA must be limited to "the loss caused by the specific conduct that is the basis of the offense of conviction." Before Hughey, we had ruled that in cases involving mail fraud, restitution can be ordered in an amount caused by the entire scheme, not just that caused by a particular mailing. United States v. Pomazi, 851 F.2d 244, 249-50 (9th Cir.1988). After Hughey, we held that Hughey overruled Pomazi and that, in cases involving a scheme, "restitution must be limited to the loss attributable to the specific conduct underlying the conviction." United States v. Sharp, 941 F.2d 811, 815 (9th Cir.1991).[1]
 
 
 7
 Sharp controls our disposition of this issue. We hold that the specific conduct underlying Grissom's convictions is limited to the two mailings that served as the basis for those convictions. The district court erred in ordering Grissom to pay restitution to U.S. Bancorp Mortgage Company. We vacate Grissom's entire sentence and remand for resentencing without restitution to U.S. Bancorp. See Sharp, 941 F.2d at 815.
 
 
 8
 3. Ineffective Assistance of Counsel for Failure to Request
 
 
 9
 Evidentiary Hearing on Restitution to Bank of
 
 Tacoma
 
 10
 To prevail on an ineffective assistance claim, Grissom must show deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Such claims are more properly raised by collateral attack rather than on direct appeal. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). We will reach the issue on direct appeal only in those rare cases in which (1) the representation is so inadequate it obviously denies a defendant his right to counsel or (2) the record is sufficiently developed. Id.
 
 
 11
 This is not such a case. The record on this issue is unclear. In the interests of efficiency and judicial economy, we direct the district court to conduct an evidentiary hearing on whether the Bank of Tacoma has or is to receive compensation for its loss on Grissom's loan.
 
 4. Obstruction of Justice
 
 12
 The Guidelines permit a two-level enhancement when a defendant commits perjury. U.S.S.G. Sec. 3C1.1, comment. (n. 3(b)). To determine what constitutes perjury, courts must look to the traditional definition of perjury found in 18 U.S.C. Sec. 1621. United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993). "A witness testifying under oath ... violates this statute if she (1) gives false testimony (2) concerning a material matter (3) with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." Id. (internal numbering added).
 
 
 13
 If the defendant objects to the enhancement, the district court must make independent findings necessary to establish obstruction of justice under the perjury definition. Id. at 1117. The court should "address each element of the alleged perjury in a separate and clear finding." Id. A determination that enhancement is required will suffice, however, if "the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." Id.; see United States v. Arias-Villanueva, 998 F.2d 1491, 1512 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3288 (U.S.1993). We review for clear error the finding that Grissom obstructed justice by perjuring himself at trial. See United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992), cert. denied, 113 S.Ct. 1399 (1993).
 
 
 14
 The district court made no independent findings. We disagree with the government that the record is sufficient to uphold the obstruction enhancement. If on resentencing the court intends to grant the obstruction adjustment, it must make the specific findings necessary to establish obstruction of justice under the perjury definition.
 
 
 15
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The VWPA now provides that a victim of an offense involving a scheme is "any person directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. Sec. 3663(a)(2). Grissom's offense predates this amendment to the VWPA, and is not affected by it. See United States v. Scarano, 975 F.2d 580, 585 n. 7 (9th Cir.1992)