54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Eugene SMITH, a/k/a Blair D. Kennedy, a/k/a Blair
Dwayne Kennedy, a/k/a Justin Lee Harper, aka James
Clifford Parham, Defendant-Appellant.
 No. 94-30155.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Eugene Smith appeals pro se his conviction and 64-month sentence following guilty pleas to possessing counterfeit cashier's checks, conspiracy to possess counterfeit cashier's checks, and contempt of court. Smith contends that the indictment was defective, the district court erred by denying his motion to withdraw his guilty plea, and the district court's order of $85,926.00 in restitution was erroneous. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); United States v. Cortez, 973 F.2d 764, 766 (9th Cir. 1992). We broadly construe Smith's challenge to the indictment as an allegation that the indictment fails to state a crime, a claim that survives a guilty plea. See United States v. Johnson, 988 F.2d 941, 943 (9th Cir. 1993) (pro se pleadings construed liberally); United States v. Caperell, 938 F.2d 975, 977 (9th Cir. 1991) (claim that indictment fails to charge a crime is a claim of jurisdictional defect).
 
 
 4
 Smith's claim lacks merit because the indictment sufficiently states the elements of, and the facts underlying, the crime of making or possessing counterfeit securities of an organization under 18 U.S.C. Sec. 512(a). See Caperell, 938 F.2d at 979; United States v. Broncheau, 597 F.2d 1260, 1262-63 (9th Cir.), (indictment sufficient if it states the essential facts of a charge, or if the essential facts are necessarily implied) cert. denied, 444 U.S. 859 (1979). The phrase, "bearing the name," contained in the indictment is unnecessary, but is not fatal to the indictment.
 
 
 5
 Smith's claim that the district court erroneously denied his motion to withdraw his guilty plea because the counterfeit checks that he possessed where not "of an organization," belonged to a bogus organization, see, e.g., United States v. Barone, 39 F.3d 981, 983-84 (9th Cir. 1994), or did not resemble genuine cashier's checks is frivolous. Smith does not directly attack the voluntary and knowing nature of his guilty plea. Thus, he has admitted every element of the crimes charged in the indictment, including the factual predicates to jurisdiction. See United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir. 1987). The district court did not abuse its discretion by refusing to allow Smith to withdraw his guilty plea. See United States v. Zweber, 913 F.2d 705, 710 (9th Cir. 1990).
 
 
 6
 Because Smith failed to challenge the order of restitution in the district court, he has waived the issue on appeal. See United States v. Clark, 957 F.2d 659, 661 (9th Cir. 1992). Because none of the recognized exceptions to waiver are applicable, we review the district court's order of restitution for plain error. See United States v. Koenig, 952 F.2d 267, 273 (9th Cir. 1991). Even if we accept Smith's claim that the record lacks sufficient evidence of his future ability to pay restitution, see United States v. Ramilo, 986 F.2d 333, 336 (9th Cir. 1993) (restitution award vacated where no evidence shows a possibility that defendant can pay restitution in time prescribed), the restitution order is not a highly prejudicial error affecting Smith's substantial rights because he can obtain an extension of time or a remittitur at the end of his three-year supervised release if he has "made a good-faith effort at payment, but is unable to pay the full amount." United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir. 1992); see also Koenig, 952 F.2d at 272.
 
 
 7
 We deny Smith's motion to expand the record on appeal. Because the district court properly certified the record on appeal and Smith shows no prejudice, we deny Smith's "motion in limine." See United States v. Wilson, 16 F.3d 1027, 1031 (9th Cir. 1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3