87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald CAMPBELL, Defendant-Appellant.
 No. 95-15771.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Donald Campbell appeals the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990), and affirm.
 
 
 3
 Nine years after sentencing, Campbell contends his sentence is illegal because the district court ordered him to pay $506,000 in restitution without first considering his ability to pay as required by 18 U.S.C. §§ 3579, 3580 (1982) (renumbered 18 U.S.C. §§ 3663, 3664 (1986)). Campbell did not raise this issue at sentencing or on appeal. Consequently, the issue is waived. See United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992) (failure to object at sentencing to restitution order based on inability to pay constitutes waiver of the issue); see also United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994) (nonconstitutional claims of sentencing error not raised on direct appeal may not be raised by section 2255 motion); cf. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992) (if by end of term of supervised release former prisoner is unable to pay full restitution, he may petition district court for extension of time or for a remittitur).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3