107 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James WALTON, Defendant-Appellant.
 No. 95-16580.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 29, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert James Walton appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Walton, convicted by jury of two counts of bank robbery, was sentenced in 1993 to 210 months imprisonment and three years of supervised release. He contends that the district court erred when it denied him collateral relief. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We affirm.
 
 
 3
 * Sentencing
 
 
 4
 Walton contends that the district court erred when it refused to grant him an additional point reduction for acceptance of responsibility. Nonconstitutional sentencing issues may not be raised by section 2255 motion. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 5
 Walton contends that the district court erred when it ordered restitution because it failed to consider his ability to pay. Because Walton failed to raise this issue at sentencing, the issue is waived. See United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992) (objections to restitution not raised in district court are usually waived).
 
 
 6
 Walton, who was on parole at the time he committed the bank robberies, contends that the district court was required, pursuant to U.S.S.G. § 5G1.3, to order that his sentence for the bank robberies run concurrently with any sentence for his violation of parole. We disagree. Because Walton had not been sentenced for any parole violation at the time he was sentenced for the bank robberies, section 5G1.3 was inapplicable. See U.S.S.G. § 5G1.3 (section 5G1.3 applies when defendant has been sentenced to another term of imprisonment, state or federal, which is undischarged at the time of sentencing).
 
 II
 
 7
 Ineffective Assistance of Counsel and Denial of Substitute Counsel
 
 
 8
 Walton contends that counsel was ineffective because she: (1) failed to pursue a challenge to the racial composition of the grand jury; (2) failed to interview potential witnesses; (3) failed to prevent evidence of prior criminal acts from being introduced at trial; (4) failed to put on a necessity and/or duress defense based on pervasive racism; and (5) waived Walton's presence at a pretrial hearing. Walton also contends that the district court abused its discretion when it denied his motion for substitute counsel. We reject each of these contentions.
 
 
 9
 Walton has not specified how the composition of the grand jury was unconstitutionally selected, and thus has not shown that his attorney had any basis for objecting to the composition of the grand jury. Consequently, any ineffective assistance claim based on this allegation fails for lack of prejudice. See Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 10
 Walton's contention that counsel was ineffective because she failed to interview potential witnesses fails as Walton has not indicated how the testimony of any of those witnesses could have affected the outcome of his case. See id.
 
 
 11
 Walton maintains that counsel was ineffective because she did not prevent the admission of evidence of an uncharged bank robbery at trial. On appeal, this court determined that the trial court erred when it admitted evidence of the uncharged bank robbery but concluded, in light of Walton's confession and testimony from two eyewitnesses, that the error was harmless given the overwhelming evidence of guilt at trial. See United States v. Walton, No. 93-10717, unpublished disposition (Nov. 17, 1994). Because admission of the uncharged bank robbery was harmless, we reject Walton's ineffective assistance claim for lack of prejudice. See Strickland, 466 U.S. at 688.
 
 
 12
 We reject as legally frivolous Walton's contention that counsel was ineffective because she did not present a necessity and/or duress defense based on pervasive racism. See United States v. Jennell, 749 F.2d 1302, 1304-05 (9th Cir.1984) (in order to establish duress, defendant must show well-grounded fear of imminent harm); cf. United States v. Chesney, 10 F.3d 641, 643-44 (9th Cir.1993) (desperate attempt to dramatize plight of handicapped does not constitute necessity).
 
 
 13
 Walton contends that counsel was ineffective because she waived Walton's presence at a pretrial hearing. At the hearing, counsel argued for a necessity and/or duress instruction. The trial court ruled that it would give such an instruction only if all the elements of the defense, as defined by law, were shown at trial. Because that showing was never made, the instruction was not given. Walton has failed to show how he was prejudiced by his absence from the pretrial hearing. We therefore reject the argument that counsel was ineffective for waiving Walton's presence at the hearing. See Strickland, 466 U.S. at 688.
 
 
 14
 Because Walton's motion for substitute counsel was premised on counsel's refusal to present a necessity and/or duress defense based on pervasive racism, we reject Walton's contention that the district court abused its discretion when it denied the motion. See United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992).
 
 III
 Challenges to Arrest and Confession
 
 15
 Walton argues that his conviction is invalid because it was based on an illegal arrest. Walton challenged his arrest in an unsuccessful motion to suppress. Walton did not raise the issue on appeal. He is barred from raising the issue on collateral review. See Stone v. Powell, 428 U.S. 465, 482 (1976).
 
 
 16
 In his section 2255 motion in district court, Walton insisted that his confession violated 18 U.S.C. § 3501(c) because he was in federal custody at the time he confessed and his confession was obtained outside the six-hour "safe harbor" provision of section 3501(c). The district court, relying on United States v. Alvarez-Sanchez, 114 S.Ct. 1599 (1994), determined that section 3501(c) did not apply because at the time Walton confessed he was in state custody pursuant to state charges and no federal charges had been filed. See Alvarez-Sanchez, 114 S.Ct. at 1604 (even if arresting officer has reason to believe that person arrested violated federal law, section 3501(c) does not apply when person is held only on state charges).
 
 
 17
 On appeal, Walton moved for judicial notice of documents which he contends establish that he was in federal custody at the time of his confession and that no state charges had been filed.
 
 
 18
 Even if Walton was being held on a federal charge at the time of his confession and section 3501(c) were applicable, see id. (section 3501(c) applies if person is "arrested and held on a federal charge by 'any' law enforcement officer--federal, state, or local"), Walton's challenge to his confession would fail for Walton has made no showing that his confession was involuntary, see 18 U.S.C. § 3501(a) (providing that voluntary confessions shall be admitted in evidence); see also Alvarez-Sanchez, 114 S.Ct. at 1603 (section 3501(c) "creates a safe harbor that prohibits suppression on grounds of pre-presentment delay if a confession is made within six hours following arrest, but says nothing about the admissibility of a confession given beyond that 6-hour period").
 
 
 19
 The district court properly denied Walton's claims without conducting any hearing. See Shah v. United States, 878 F.2d 1156, 1160 (9th Cir.1989).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Walton later informed this court that he erroneously submitted his motion to voluntarily dismiss his appeal, we deny his motion to voluntarily dismiss the appeal
 In Walton's August 22, 1995 motion for "sua sponte review of subject matter jurisdiction of the district court at trial," Walton insists that he was denied due process because the FDIC status of the banks was never proven at trial. We reject Walton's argument. Walton concedes that the parties stipulated to the banks' FDIC status at trial; Walton has made no showing that the banks were not insured by the FDIC.