124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Norman KATZ, Defendant-Appellant.
 No. 95-30348.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-94-00549-TSZ; Thomas S. Zilly, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Norman Katz appeals pro se his 30-month sentence imposed following a guilty plea to wire fraud and tax fraud on several grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Jurisdiction
 
 3
 Katz contends that the district court lacked subject matter jurisdiction because his crimes did not affect interstate commerce. We disagree.
 
 
 4
 "District courts have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (1985). To convict a defendant of wire fraud, the government must prove that he used a telephone in interstate commerce with the intent to defraud and in furtherance of the scheme to obtain money or property by false or fraudulent means. See United States v. Lothian, 976 F.2d 1257, 1262 n. 3 (9th Cir.1992); United States v. Bonanno, 852 F.2d 434, 440 (9th Cir.1988). A person commits mail fraud if he devised or intends to devise a scheme to defraud by false pretenses and uses or causes to be used any post office or mail depository in furtherance of the scheme. See Lothian, 976 F.2d at 1262 n. 2. We review de novo a district court's assumption of subject matter jurisdiction. See United States v. Tisor, 96 F.3d 370, 373 (9th Cir.1996), cert. denied, 117 S.Ct. 1012 (1997).
 
 
 5
 Here, Katz stipulated that he relayed false information to a Nissan representative during a telephone conversation that originated in Seattle, Washington and terminated in San Francisco, California. He also stipulated that he understated his income by more than $440,000 on his 1988 individual income tax return, which was filed with the Internal Revenue Service Center in Ogden, Utah. Because Katz admitted using a telephone in interstate commerce, in furtherance of his scheme to defraud Nissan, see Lothian, 976 F.2d at 1262 n. 3, and because he used the United States Postal Service to deliver his fraudulent tax return, see 26 U.S.C. § 7206(1); Lothian, 976 F.2d at 1262 n. 2, the district court did not err by assuming subject matter jurisdiction. See 18 U.S.C. § 3231; Tisor, 96 F.3d at 373.[1]
 
 II. Loss and Restitution
 
 6
 Katz contends that the district court violated his due process rights by: (1) delegating its duty to determine the amount of restitution to the probation officer; (2) failing to use accurate figures when calculating actual loss; and (3) failing to reduce the amount of loss and restitution by the amount recovered from liquidation of the dealership. These claims lack merit.
 
 
 7
 The district court must determine the amount of restitution and reduce the total amount by the amount of property recovered or payments received by the victim, if the amount is known at the time of sentencing. See United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992). The district court does not delegate unlimited power to the probation officer where it places a ceiling on the amount of restitution owed. See id. We review the district court's delegation of power to the probation officer only to prevent a miscarriage of justice. See Clack, 957 F.2d at 661. We review de novo the legality of a restitution order. See id.
 
 
 8
 Here, Katz stipulated to a restitution amount of $1,925,724.31 in his guilty plea. The restitution amount was calculated using a schedule from the civil suit and was reduced by the amount of property and legal fees recovered by the victims. Because the restitution amount was properly calculated and reduced, see id., and because the district court set a ceiling on the total amount of restitution, see id., it did not delegate unlimited power to the probation officer. See id.[2]
 
 III. Breach of Plea
 
 9
 Katz contends that the government breached the plea agreement was breached because he was not allowed to correct inaccurate information in the presentence report. This claim lacks merit because the district court lacked jurisdiction to consider Katz's latent challenges, since it had imposed sentence. See United States v. Catabran, 884 F.2d 1288, 1289 (9th Cir.1988) (per curiam) (defendant can challenge factual inaccuracies in presentence report prior to imposition of sentence, but district court lacks jurisdiction to hear such challenges once sentence imposed).
 
 IV. Sentencing Issues
 
 10
 Katz contends that the district court engaged in double counting when it applied upward adjustments for "more than minimal planning" and his role in the offense. This claim lacks merit.
 
 
 11
 A district court can apply an upward adjustment for minimal planning and role in the offense, since they stems from different concerns. See United States v. Kelly, 993 F.2d 702, 705 (9th Cir.1993). We review the district court's application of the guidelines, and its departure decisions for an abuse of discretion. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review its factual findings for clear error. See id.
 
 
 12
 Here, the district court found that Katz was the leader of the conspiracy because he controlled the dealership's finances. In addition, he engaged in numerous sham financial transactions, in order to effectuate the scheme. Ultimately, the district court determined that: (1) the enhancements addressed different concerns, see Kelly, 993 F.2d at 705; (2) the complexity of the scheme and amount of money involved took Katz's case outside of the guidelines "heartland," see Sablan, 114 F.3d at 916; and (3) the guidelines encouraged applying the two enhancements, see id. Thus, the district court did not clearly err by finding that Katz was eligible for the enhancements. See Robinson, 94 F.3d at 1327. Accordingly, the district court did not abuse its discretion by applying the two enhancements. See Sablan, 114 F.3d at 916.
 
 
 13
 Katz also contends that the employment condition of his supervised release violates 18 U.S.C. § 3583(d) because it is vague and not reasonably related to the crimes of conviction. This claim lacks merit.
 
 
 14
 The district court limited the restriction to self-employment involving credit, financing, or investing because Katz defrauded the victims out of approximately two million dollars and has a history of committing financial crimes. Because the employment condition is directly related to "the history and characteristics" of Katz's crimes, as well as the need to deter future fraud and protect the public, see 18 U.S.C. § 3553(a)(2) (1985), the district court did not abuse its discretion by imposing the employment condition. See United States v. Clark, 918 F.2d 843, 847 (9th Cir.1990).
 
 V. Waived Claims
 
 15
 Katz waived his double jeopardy claim upon pleading guilty. see United States v. Cortez, 973 F.2d 764, 767 (9th Cir.1992) (double jeopardy claim waived, unless clear from face of record or indictment that court lacked authority to enter conviction or impose sentence). He also waived his Brady claim, see Tollett v. Henderson, 411 U.S. 258, 267 (1973) (defendant who pleads guilty cannot challenge pre-plea constitutional violations).[3]
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Additionally, Katz's Motion to Disallow Government Briefs or Impose Sanctions is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Katz hinges his jurisdictional claim on United States v. Lopez, 514 U.S. 549 (1995), his reliance is misplaced, since Congress has made findings that telephones and the U.S. mail affect interstate commerce. See Tisor, 96 F.3d at 374-75; Lothian 976 F.2d at 1262 nn. 2 & 3
 
 
 [2]
 For the reasons stated in this section, we decline to address Katz's other claims that are based on the erroneous belief that restitution and actual loss were not properly calculated
 
 
 [3]
 To the extent Katz argues that there was insufficient evidence to support his conviction for tax fraud, the claim fails. Because his guilty plea was counseled and voluntary, Katz is foreclosed from collaterally attacking the factual and legal elements of his plea. See Broce, 488 U.S. 563, 569 (1989)