UNITED STATES of America,
Plaintiff–Appellee,

v.

Brian FRANCIS, Defendant–Appellant.

No. 99–50459.
D.C. No. CR–98–00088–CM–05.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2001.

Decided Jan. 23, 2001.

584

Before TROTT, THOMAS and BERZON, Circuit Judges.

MEMORANDUM *

Brian Francis appeals from his conviction and sentence for four counts of mail fraud pursuant to 18 U.S.C. § 1341 and six counts of wire fraud pursuant to 18 U.S.C. § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the conviction, but reverse and remand for re-sentencing as to the amount of restitution. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ 1. Francis claims that the evidence presented was not sufficient to prove that he had a specific intent to defraud investors. "We review the sufficiency of the evidence by viewing it in the light most favorable to the prosecution and asking whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Blitz,* 151 F.3d 1002, 1006 (9th Cir.1998) (quoting *Jackson v. Virginia,* 443

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). This is a high burden for a defendant to meet on appeal, and the defendant in this case does not satisfy it.

▮ Making extensive misrepresentations with the knowledge that they are false is sufficient evidence to find a specific intent to defraud. *United States v. Lothian,* 976 F.2d 1257, 1267–68 (9th Cir.1992). By his own admission, Francis made numerous material misrepresentations to potential investors. His assertion that he believed the statements to be true at the time is seriously undermined by the facts that (1) he represented over an extended period of time to investors that closing of the partnership was imminent; (2) he used an alias to an investor with whom he had dealt previously for another company; (3) other employees discussed the fraudulent nature of the business with him; (4) he believed one of the principals, Rory Cypers, to be a liar; (5) he overheard other salesmen make representations he knew were untrue to potential investors; (6) he represented that his sales commission was based on the number of telephone calls received rather than on money received from investors; and (7) the operation did not have some of the traditional characteristics of a legitimate enterprise. From these facts, among others, a rational trier of fact could have concluded that Francis knew that the representations were untrue when he made them, and that he made them with the specific intent to defraud potential investors.

▮ 2. Assuming, *arguendo,* that admission of the Rule 404(b) evidence of Francis' prior employment with Nationwide Asset Management was error, such error was harmless in the context of the case. Non-constitutional trial errors are harmless if it is more probable than not that the erroneous admission of evidence did not affect the verdict. *United States v.*

*Brown,* 880 F.2d 1012, 1016 (9th Cir.1989). During the bench trial, the district court expressly found that the 404(b) evidence corroborated other testimony and did not affect its verdict. There was little evidence received on the issue. Francis testified about his prior employment with Nationwide Asset Management, and one agent testified as to Francis' descriptions of the operations. No evidence was admitted concerning fraudulent operations at National Asset Management; the evidence was only that investors lost money and that Francis was embarrassed about it. Given the few references to his employment, and the relatively innocuous nature of the testimony, it is not probable that admission of the disputed evidence affected the verdict, especially since the court explicitly stated that it did not. Thus, even if we assume the admission was error, it was harmless.

▮ 3. Francis did not object to any part of the restitution order at sentencing; therefore, he has waived his right to challenge the district court's factual findings concerning restitution. *United States v. Haggard,* 41 F.3d 1320, 1329 (9th Cir. 1994). Thus, Francis has waived his claim that the district court improperly relied on the Pre–Sentence Report as evidence of the amount of losses suffered by each victim.

▮ 4. Francis is not precluded from asserting for the first time on appeal that his sentence was illegally imposed. *United States v. Reed,* 80 F.3d 1419, 1421 n. 3 (9th Cir.1996). Francis argues that the district court's restitution order was illegal under *United States v. Meksian,* 170 F.3d 1260, 1263 (9th Cir.1999), because the Federal Trade Commission's forced closing of Fortune 900 was an intervening cause of the victims' losses. However, *Meksian* is limited to circumstances in

which the cause of the loss did not directly relate to the defendant's representations, such as when subsequently discovered environmental contamination made real property worthless. *Id.* at 1261–62. We have sustained awards when the intervening cause is directly related to the defendant's criminal conduct. *United States v. Spinney,* 795 F.2d 1410, 1416 (9th Cir.1986) (holding that defendant's conspiracy to commit simple assault directly related to the victim's resulting death at the hands of co-conspirators recruited by the defendant). In this case, the fraudulent conduct of defendant and his co-employees caused investor loss, which drew the attention of the Federal Trade Commission. The FTC's action in closing the business was actuated by the fraudulent acts; thus, the purported intervening cause was directly related to the criminal conduct. Accordingly, *Meksian* is inapplicable to this case.

 5. Francis also challenges the legality of the restitution order because it did not allow for offsets of amounts recovered in the FTC administrative action. A restitution order must reflect any amounts paid to victims "as compensatory damages for the same loss" as part of civil proceedings. 18 U.S.C. § 3664(j)(2). A restitution order that does not offset recovered settlement amounts for the same losses violates 18 U.S.C. § 3664(j)(2), and thus, constitutes an illegal sentence. When it is apparent at sentencing that some restitution to victims has been made and the district court has not provided an offset to the restitution order, we must vacate the award and remand for recalculation—even if the defendant has neglected to raise the issue before the trial court. *United States v. Clack,* 957 F.2d 659, 661 (9th Cir.1992). In this case, it was apparent at sentencing

that offsets existed because some victims testified that they had received FTC settlements. However, the record does not establish that the district court discounted the restitution award by the amounts recovered as a result of the FTC administrative proceeding. Hence, we must vacate the award and remand to the district court for recalculation of the restitution to be paid by the defendant.

JUDGMENT OF CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.