**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven J. KANIADAKIS, Defendant–
Appellant.**

Nos. 00–30153, 00–30206.
D.C. No. CR99–00077–A–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Sept. 21, 2001.

Before SCHROEDER, Chief Judge, and T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Stephen Kaniadakis appeals his sentence following his convictions for mail fraud, 18 U.S.C. § 1341, and health care fraud, 18 U.S.C. § 1347. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2) and affirm the sentence.

We review a district court's interpretation of the Sentencing Guidelines de novo. Factual findings supporting the enhancement are reviewed for clear error. Application of the guidelines to the facts of the case are reviewed for an abuse of discretion. *United States v. Daas,* 198 F.3d 1167, 1181 (9th Cir.1999), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 468 (2000).

Because the parties are familiar with the facts, we will not recite them in this decision.

■ The defendant argues that the district court failed to identify the specific testimony that amounted to perjury to support the obstruction of justice enhancement under U.S.S.G. § 3C1.1 for perjury at trial. However, the district court is not required to designate any specific item of false testimony. *United States v. Arias–Villanueva,* 998 F.2d 1491, 1512 (9th Cir. 1993). The district court made sufficient findings when it found that the defendant intentionally testified falsely about material matters. *See United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

■ The defendant also argues that the district court erroneously named two individuals as criminally culpable participants to support a four-level enhancement under U.S.S.G. § 3B1.1(a). We review the district court's finding of fact that the defendant was an organizer, leader, manager, or supervisor for clear error. *United States v. Carter,* 219 F.3d 863, 865 (9th Cir.2000). The district court did not clearly err because trial testimony supported the district court's holding that Hammett was a criminally culpable "participant over whom the defendant exercised managerial or organizational control." *See United States v. Luca,* 183 F.3d 1018, 1024 (9th Cir.1999).

■ The defendant argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), required that the jury find that the loss was between $350,000 and $500,000 before the district court could enhance the sentence under U.S.S.G. § 2F1.1(b)(1)(J) for relevant conduct. Because the defendant did not raise his *Apprendi* claim to the district court, we review for plain error. *United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir. 2000). The defendant's claim fails because the district court sentenced the defendant within the statutory maximum for the mail fraud counts[2] and health care fraud

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. *See* 18 U.S.C. § 1341.

counts.[3] *United States v. Johansson,* 249 F.3d 848, 861 (9th Cir.2001); *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000).

The defendant argues that the district court erred when it set the amount of restitution without a second hearing for additional allocution. However, the defendant waived any challenge to the restitution amount when he failed to object to the second amended PSR within the time period set by the court. *United States v. Clack,* 957 F.2d 659, 661 (9th Cir.1992); *United States v. Caperell,* 938 F.2d 975, 980 (9th Cir.1991) (because the defendant did not object to the allegedly unreliable factual information in the PSR, he cannot rely on Federal Rule of Criminal Procedure 32(c)(3)).

To the extent that the defendant argues he was entitled to additional allocution, the claim fails because he received extensive allocution at sentencing and was not entitled to further allocution. *Cf. Daas,* 198 F.3d at 1181–82 (holding that a defendant's right to allocution allows him to speak to the district court to influence whether the defendant is sentenced to a low, middle or high sentence within the guideline range, not to argue the legal merits of a particular guideline).

AFFIRMED.